The **PEOPLE of the State of Colorado,**
Plaintiff-Appellee,

v.

**Thomas B. AULDRIDGE,**
Defendant-Appellant.

No. 84CA1344.

Colorado Court of Appeals,
Div. II.

March 27, 1986.

Rehearing Denied April 24, 1986.

Certiorari Denied (People) Aug. 25, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Barbara S. Blackman, Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Thomas B. Auldridge, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of first degree assault. We reverse and remand for new trial.

## I.

Relying on *People v. Jones*, 675 P.2d 9 (Colo.1984), defendant contends that the trial court erred in refusing to give his tendered jury instruction relating to his right to defend himself against multiple assailants. We agree.

A defendant is entitled to an instruction based on his theory of the case so long as the tendered instruction is supported by evidence in the record. *People v. Jones, supra.* As stated in *Jones*:

"Thus, the totality of circumstances, *including the number of persons reasonably appearing to be threatening the accused,* must be considered by the trier of fact in evaluating the reasonableness of the accused's belief in the necessity of defensive action and the reasonableness of force used by him to repel the apparent danger." (emphasis added)

In this case the evidence is in sharp conflict concerning the circumstances surrounding the shooting in a Fort Collins tavern. The victim testified that he was shot by defendant without provocation. Defendant testified that he was attacked by the victim and his nephew and that he shot the victim to defend himself against the attack by both men. Defendant's testimony was corroborated by the bartender.

Defendant's tendered instruction could have stated more clearly the legal principle relating to his right to defend himself against multiple assailants. Nonetheless, defendant's citation of *People v. Jones, su-*

*pra,* and the tender of the instruction to the trial court was sufficient to place the trial court on notice of its responsibility to instruct correctly on defendant's theory of self-defense. *See People v. Jones, supra.*

When the trial court gave the pattern self-defense instruction, *see COLJI-Crim.* No. 7:16 (1983), it deleted reference to unlawful physical force by the victim or his nephew and substituted the singular term "victim." In so doing, and in failing to include the language approved in *Jones, i.e.,* "the victim or those whom the defendant reasonably believed were acting in concert with the victim in the use or imminent use of unlawful physical force against the defendant," the trial court precluded the jury from considering defendant's right to act upon reasonable appearances in a multiple assailant attack. *See People v. Jones, supra.* This constituted reversible error.

## II.

Defendant also contends that the trial court erred in permitting the prosecution, over objection, to ask defendant on cross-examination:

"[T]hat night when you had that gun, you were sitting there at the bar, and you had it concealed in your coat pocket, you knew it was unlawful and illegal, did you not?"

He argues that any probative value of this evidence is substantially outweighed by its prejudicial effect. We agree, and if this issue arises on retrial the question should not be permitted.

Although evidence of criminal conduct intertwined with the commission of the offense charged as part of the *res gestae* is generally admissible, *see People v. Jackson,* 627 P.2d 741 (Colo.1981); *see also* CRE 401, the trial court must exercise its discretion in determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See People v. Rubanowitz,* 688 P.2d 231 (Colo.1984). In exercising that

discretion, the trial court must consider the probative value of the tendered evidence in light of the nature of the case, the nature of the tendered evidence, and the other evidence admitted during trial. *People v. Rubanowitz, supra.* The trial court's ruling will not be disturbed on appeal absent an abuse of this discretion. *People v. Rubanowitz, supra.*

 Here, in rebuttal to defendant's self-defense theory, the prosecution introduced this evidence ostensibly to show that defendant had entered the tavern predisposed and eager to use his weapon. However, other evidence probative of this issue was introduced, including tape recordings and transcripts of defendant's conversations with police officers after the shooting which reflect expressions of a defiant attitude and defendant's satisfaction at having shot the victim. Moreover, on cross-examination defendant demonstrated his thorough familiarity with the operation of the weapon, and he conceded that he regularly carried the loaded weapon concealed upon his person to places where he anticipated trouble. Defendant also admitted his determination to use the weapon if he felt it necessary to avoid a beating.

Evidence of defendant's knowledge of the illegality of carrying a concealed weapon may have had some probative value in light of the nature of the case. However, here, its potential for prejudice was great, *see Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959), and there was substantial other evidence introduced to rebut defendant's theory of self-defense. *Cf. People v. Rubanowitz, supra.* Therefore, we conclude that here the minimal probative value of this evidence was substantially outweighed by the danger of unfair prejudice, and thus, the trial court abused its discretion in admitting this evidence.

The judgment is reversed and the cause is remanded for new trial.

SMITH and STERNBERG, JJ., concur.